[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ONMOTION FOR CONTEMPT (DOCKET No. 122)
A judgment of dissolution of marriage was entered in this action on June 14, 1990. At that time, a separation agreement dated June 13, 1990 and executed by the parties was presented to the court, was approved, and orders were entered in accordance with the parties' agreement. By the terms of that agreement, more particularly paragraph 3, the first mortgage on the family homestead was to be paid off in full upon the sale of the property in Wilmington, Vermont, on the assignment or sale of the franchise entitled "Pepperidge Farm, Incorporated" or within six months, whichever event should first occur. The agreement provided that if the mortgage was not paid off by December 13, 1990 (six months following the decree), the plaintiff would receive a security CT Page 11737 interest in the Wilmington, Vermont property.
The agreement provided in paragraph 2 on page 5 for a lump sum payment of $55,000 to be paid in installments also triggered by the sale of the Pepperidge Farm franchise or sale of the Vermont property.
The "Pepperidge Farm, Incorporated" franchise is to be sold on November 26, 1994. The gross sales price is $125,000. There will be certain deductions that will be paid by Pepperidge Farm for inventory and amounts owed to it by the defendant. Whatever deductions are to be made from the gross sales price is to be wholly within the control of Pepperidge Farm. The plaintiff has a security interest or lien upon the defendant's interest in this property.
The net proceeds of sale are to be paid to Attorney Carolyn R. Lindsey as Trustee for Nancy Olson. From the net proceeds received, the following amounts shall be paid in satisfaction of the defendant's obligation under the original judgment to pay off the People's Bank mortgage:
Principal $45,965.59
Late charges 21.22
Interest to November 26, 1994 255.26 _________ (per diem $10.21 after November 26, 1994) $46,299.67
The following amounts shall be paid to the plaintiff, Nancy Olson:
Mortgage payments advanced by Nancy Olson July, 1993 $ 796.16 August, 1994 800.99
Reimbursement for property tax advance re: Chimney Hill, Vermont April 8, 1993 8,044.22
Child support arrearage through November 26, 1994 14,255.00
One half unreimbursed medical bills CT Page 11738 for minor child 1992 — 1994 250.00 ---------- $24,146.37
The parties are in disagreement on the issue of counsel fees. Plaintiff's counsel argues that the agreement of the parties in paragraph 5 provides that the aggrieved party shall be entitled to recover from the defaulting party "any expenses, losses and damages he or she may sustain by reason thereof [such default in performance], including reasonable attorney's fees and court costs incurred in connection with any action brought to enforce this agreement.], With such a provision in the judgment, the trial court need not consider the provisions of § 46b-62 of the General Statutes but only the provisions of the separation agreement.Gould v. Gould, 11 Conn. App. 268, 288 (1987).
The defendant has breached the terms and provisions of the separation agreement on numerous occasions. Since the date of the judgment, it has been necessary for the plaintiff to file a Motion for Contempt on June 1, 1993 (docket entry number 113.09) with a court appearance on June 3, 1993 and another court appearance on July 1, 1993; a Motion for Order dated April 27, 1993 (docket entry number 114.09) and court appearance on June 3, 1993; an Order for Issuance of a Capias on July 1, 1993; a Motion for Contempt dated June 25, 1993; a Motion for Contempt dated August 27, 1993; a Motion for Contempt dated August 27, 1993; a Motion for Contempt dated January 10, 1994 and court appearance on March 3, 1994, a court appearance on February 10, 1994; a Motion for Contempt dated April 25, 1994; a Motion for Contempt dated May 13, 1994 and court appearance of June 28, 1994; a Motion for Contempt dated August 23, 1994; and the present Motion for Contempt. The plaintiff seeks attorney's fees of $7500.00 including counsel fees for November 17 and November 18.
Defendant argues that Judge Petroni ordered counsel fees of $850 and this should be the amount of counsel fees.
This court does not find Judge Petroni's order to that effect, but it is obvious to this court that Judge Petroni was ordering counsel fees only for that appearance before him. The parties had previously agreed in their stipulation of March 3, 1994 that defendant would pay $500 counsel fees in connection with that motion upon sale of the Vermont residence or the business. The parties agreed on June 28, 1994 that the defendant would pay a reasonable attorney's fee upon sale of the franchise or the CT Page 11739 Vermont property for proceedings since March 3, 1994 in an amount to be determined by the court.
All of the court appearances by plaintiff's counsel was necessitated by the defendant's default in the performance of his obligations. The court finds $4,500 to be a fair and reasonable amount by way of attorney's fees to the plaintiff for all of the post judgment proceedings including November 17 and November 18 together with $106.80 by way of sheriff's fees and court filing fees.
The amounts, therefore, to be deducted from the funds to be received by Attorney Lindsey are as follows:
People's Bank $46,299.67
To Ms. Olson:
Mortgage payments advanced 1,597.15
Reimbursement property tax advanced 8,044.22
Child support arrearage 14,255.00
One half unreimbursed medical expenses 250.00 Lump sum $10,000 plus interest since 6/13/92 to 11/26/94 at 9% = $2,207.50 (per diem after 11/26/94 $2.50) 12,207.50
Owens, Schine, Nicola Donahue 4,606.80
Interest on $35,000 at 9% from 6/13/93 to 11/26/94 (per diem after 11/26/94 $8.75) 4,576.25 ---------- $92,036.59
Payment of principal of the $35,000 lump sum payment to the extent of the balance of the net proceeds received, the balance to be secured by a security interest on the Vermont property with interest to run at 9% until paid.
Defendant has requested that interest cease on the balance of the $35,000. However, the judgment provides that such interest shall continue at 9% per annum until paid (emphasis supplied). Such request is, therefore, denied. CT Page 11740
EDGAR W. BASSICK, III, JUDGE